UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| LARRY KLAWITTER<br>3835 Luna Pier Rd.<br>Erie, MI 48133 | ) ) ) ) | CASE NO.<br><br>JUDGE |
| Plaintiff, | ) ) ) | **PLAINTIFF'S COMPLAINT** |
| v. | ) ) | (Jury Demand Endorse Herein) |
| GREENWORKS REMODELING, LLC<br>c/o Statutory Agent Mark D. Scott<br>2035 W. Alexis Rd.<br>Toledo, OH 43613 | ) ) ) ) ) | |
| Defendant. | ) | |

Plaintiff Larry Klawitter, by and through counsel, for his Complaint against Defendant Greenworks Remodeling, LLC (hereinafter referred to as "Defendant" or "Greenworks Remodeling"), states and alleges the following:

## INTRODUCTION

1. Plaintiff brings this case to challenge the policies and practices of Defendant Greenworks Remodeling that violate the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201-219.

## JURISDICTION AND VENUE

2. This Court has jurisdiction over Plaintiff's FLSA claims pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 216(b).

3. Venue is proper in this judicial district and division pursuant to 28 U.S.C. § 1391(b) because Defendant resides in this district and division and/or a substantial part of the events or omissions giving rise to Plaintiff's claims occurred here.

**PARTIES**

4. At all times relevant, Plaintiff Larry Klawitter was a citizen of the United States and a resident of Monroe County, Michigan.

5. Defendant Greenworks Remodeling is an Ohio for-profit limited liability company with its principal place of business in Lucas County, Ohio. According to records maintained by the Ohio Secretary of State, Defendant's statutory agent for service of process is Mark D. Scott, 2035 W Alexis Rd., Toledo, OH 43613.

**FACTUAL ALLEGATIONS**

**Defendant's Business**

6. Defendant Greenworks Remodeling is engaged in the business of providing full-scale remodeling services, including bathroom and kitchen remodels, in Ohio and Michigan.[1] Defendant operates out of 2035 West Alexis Road, Suite #4 Toledo, Ohio 43613.[2]

**Defendant's Status as an Employer**

7. At all times relevant, Defendant was an employer within the meaning of the FLSA, 29 U.S.C. § 203(d), and employed non-exempt hourly employees, including Plaintiff.

8. At all times relevant, Defendant was an enterprise within the meaning of 29 U.S.C. § 203(r).

9. At all times relevant, Defendant was an enterprise engaged in commerce or in the production of goods for commerce within the meaning of 29 U.S.C. § 203(s)(1).

10. Upon information and belief, Defendant operates and controls an enterprise engaged in commerce, with annual gross volume of business exceeding $500,000.00.

---

[1] *See* https://www.greenworksremodeling.com/ (accessed July 29, 2020).
[2] *Id.*

2

**Plaintiff's Non-Exempt Employment Status with Defendant**

11.  Plaintiff Klawitter was employed by Defendant from approximately 2004 to April 2020 as an hourly Foreman.

12.  Part of Plaintiff's job duties included regularly and recurrently handling multiple goods and products that have been produced or moved in interstate commerce that were necessary for Defendants' commercial purpose and regular and recurrent use of the instrumentalities of interstate commerce to perform his job duties.

13.  At all times relevant, Plaintiff was an employee within the meaning of 29 U.S.C. § 203(e).

14.  At all times relevant, Plaintiff was an employee engaged in commerce or in the production of goods for commerce within the meaning of 29 U.S.C. § 207.

**Defendant Greenworks Remodeling's Failure to Pay Overtime Compensation**

15.  Plaintiff frequently worked more than forty (40) hours in a single workweek. Most of the year he averaged 45-60 hours per week. For example, in the workweek ending December 21, 2017, Plaintiff worked 57.45 hours, and was entitled to 17.45 hours of overtime pay.

16.  The FLSA required Defendant to pay Plaintiff overtime compensation at one and one-half times his "regular rate" for all hours worked in excess of forty (40) hours in a workweek. 29 U.S.C. § 207.

17.  Defendant failed to pay Plaintiff overtime compensation at one and one-half times his "regular rate" for all hours worked in excess of forty (40) hours in a workweek.

18. Defendant's failure to compensate Plaintiff for hours worked more than forty (40) hours per week at "one and one-half times" his "regular rate[s]" of pay violates the FLSA, 29 U.S.C. § 207.

### The Willfulness of Defendant's Violations

19. Defendant knew that Plaintiff was entitled to overtime compensation under federal and state law or acted in reckless disregard for whether he was so entitled.

20. Defendant intentionally and willfully circumvented the requirements of the FLSA.

21. The above practices and policies resulted in overtime violations of the FLSA, 29 U.S.C. §§ 201-219.

### COUNT ONE
### (FLSA Overtime Violations)

22. Plaintiff incorporates by reference the foregoing allegations as if fully rewritten herein.

23. The FLSA requires that "non-exempt" employees receive overtime compensation of "not less than one and one-half times" the employees' "regular rate" of pay. 29 U.S.C. § 207(a)(1).

24. Plaintiff should have been paid overtime wages in the amount of 150% of his "regular rate" for all hours worked in excess of forty (40) hours per workweek.

25. Defendant did not pay overtime compensation to Plaintiff at the rate of one and one-half times his regular rate for all of his overtime hours.

26. By engaging in the above-described practices, Defendant willfully violated the FLSA and regulations thereunder that have the force of law.

27. As a result of Defendant's violations of the FLSA, Plaintiff was injured in that he did not receive wages due to him pursuant to the FLSA. 29 U.S.C. § 216(b) entitles Plaintiff to

an award of "unpaid overtime compensation" as well as "an additional equal amount as liquidated damages."  29 U.S.C. § 216(b) further provides that "[t]he court … shall, in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the defendant, and costs of the action."

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays that this Honorable Court:

A.  Enter judgment against Defendant, and in favor of Plaintiff;

B.  Award compensatory damages to Plaintiff in the amount of his unpaid overtime wages, as well as liquidated damages in an equal amount; and

C.  Award Plaintiff compensatory and punitive damages, his costs and attorneys' fees incurred in prosecuting this action, and such further relief as the Court deems equitable and just.

*Respectfully submitted,*

*s/Ryan A. Winters*
Joseph F. Scott (0029780)
Ryan A. Winters (0086917)
Kevin M. McDermott II (0090455)
SCOTT & WINTERS LAW FIRM, LLC
The Caxton Building
812 Huron Rd. E., Suite 490
Cleveland, OH 44115
P: (216) 912-2221 | F: (216) 350-6313
jscott@ohiowagelawyers.com
rwinters@ohiowagelawyers.com
kmcdermott@ohiowagelawyers.com

*Attorneys for Plaintiff*

## JURY DEMAND

Plaintiff hereby demands a trial by jury on all issues so triable.

*s/ Ryan A. Winters*
Ryan A. Winters (0086917)